# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADORERS OF THE BLOOD OF CHRIST, UNITED STATES PROVINCE, et al. | : : : : | CIVIL ACTION |
| v. | : : | NO. 17-3163 |
| FEDERAL ENERGY REGULATORY COMMISSION, et al. | : : : | |

## MEMORANDUM

SCHMEHL, J.   /s/ JLS                                         September 28, 2017

      Plaintiffs brought this action claiming that defendant Federal Energy Regulatory Commission ("FERC") and its Commissioner, defendant Cheryl A. LaFleur, violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq.* by issuing an Order authorizing defendant Transcontinental Gas Pipeline Company, LLC. ("Transco") to forcibly take and use land owned by the plaintiffs as part of an interstate fossil fuel pipeline, known as the Atlantic Sunrise Pipeline (the "Pipeline"). Plaintiffs also allege that Transco violated the RFRA by forcibly taking plaintiffs' land by condemnation. Before the Court are plaintiffs' amended motion for a preliminary injunction and the defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motions to dismiss will be granted and the plaintiffs' amended motion for a preliminary injunction will be denied as moot.

      Rule 12(b)(1) challenges are either facial or factual attacks. *Kestelboym v.Chertoff*, 538 F. Supp. 2d 813, 815 (D.N.J. 2008). "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the

1

allegations in the complaint as true." *Id*. However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. See also *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In evaluating a Rule 12(b)(1) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. See also *Carpet Group Int'l*, 227 F.3d at 69. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. The plaintiff has the burden of proving that jurisdiction does in fact exist. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen*, 549 F.2d at 891).

The Amended Complaint alleges that plaintiff Adorers of the Blood of Christ ("Adorers") is a "vowed religious order of Roman Catholic women whose religious practice includes protecting and preserving creation, which they believe is a revelation of GOD, the sacredness of which must be honored and protected for future generations. The individually named plaintiffs are all Sisters of the Adorers." [ECF 10, ¶ 1.] Plaintiffs claim the construction and operation of the Pipeline through land they own in Columbia, Pennsylvania would violate their free exercise of religion protected by RFRA. They seek a preliminary injunction enjoining Transco from constructing and operating the Pipeline on their property until this Court has considered their RFRA claim.

On March 31, 2015, Transco filed an application with FERC under section 7(c) of the Natural Gas Act ("NGA"), 15 U.S.C. 717f(c), for authorization to construct and operate the Pipeline. On February 3, 2017, FERC issued a "Certificate of Public Convenience and Necessity" ("FERC Order") authorizing Transco's proposed route for the Pipeline that would require use of the Adorers' property. The FERC Order granted Transco the right to take private property along the route of the Pipeline by eminent domain if landowners such as the Adorers would not agree to voluntarily convey their land. Many interested parties, including affected landowners, requested a rehearing of the FERC Order. Significantly, the Adorers did not present their RFRA claims (or raise any other objections) to FERC either initially or by requesting a rehearing. To date, FERC has not addressed the merits of the requests for rehearing of the FERC Order.

The Adorers refused to voluntarily convey their land. As a result, on April 14, 2017, Transco filed a "Verified Complaint in Condemnation of Property Pursuant to Fed. R. Civ. P. 71.1" in this Court to condemn a portion of the Adorers' property to allow Transco to construct, install and operate the Pipeline on the Adorers' property. The Adorers neither responded to the Verified Complaint nor to Transco's motion for partial summary judgment on the issue of Transco's right to condemn. After an evidentiary hearing on July 7, 2017, this Court granted Transco's motion for Partial Summary Judgment. On August 23, 2017, this Court granted possession of the Adorers' property to Transco. *Transcontinental Gas Pipe Line Company, LLC. v. Permanent Easement for 1.02 Acres*, No. 17-cv-1725. Doc. 29 (E.D.Pa. Aug. 23, 2017).

The RFRA provides, in pertinent part:

> Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except … [g]overnment may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person---(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb—1(a), (b).

In their motions to dismiss for lack of subject matter jurisdiction, FERC and Transco join in arguing that under the NGA, this Court lacks subject matter jurisdiction over plaintiffs' RFRA claims. As the law in this area is particularly well-settled, the Court agrees.

As stated succinctly by the Court of Appeals for the Sixth Circuit:

> The Natural Gas Act sets forth a highly reticulated procedure for obtaining, and challenging, a FERC certificate to build an interstate pipeline. A party aggrieved by such an order may apply for rehearing before FERC. 15 U.S.C. § 717r(a). And no entity may seek judicial review of a FERC order unless it first sought rehearing from the agency. *Id.* Once FERC concludes the rehearing, the aggrieved party may petition for review either in the D.C. Circuit or in the circuit where the natural gas company is located or has its principal place of business—in this instance, the Third or Fifth Circuit. 15 U.S.C. § 717r(b); R.2 at 3 (the pipeline company is a Delaware LLC and has its principal place of business in Texas). The relevant court of appeals thereafter has 'exclusive' jurisdiction 'to affirm, modify, or set aside [FERC's] order in whole or in part.' 15 U.S.C. § 717r(b); *see also* 15 U.S.C. § 717r(d)(1). **Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court**.

> ********

> Now that FERC has issued its final order and now that the coal companies have appealed that order to the D.C. Circuit, the matter lies within that court's exclusive jurisdiction. 15

4

> U.S.C. § 717r; see also *Williams Natural Gas Co. v. City of Oklahoma City,* 890 F.2d 255, 262 (10th Cir.1989). The coal companies thus may not seek what amounts to a second round of collateral review of FERC's order here. *See Williams Natural Gas Co.,* 890 F.2d at 262.

*Am. Energy Corp. v. Rockies Express Pipeline LLC,* 622 F.3d 602, 605-606 (6th Cir. 2010) (emphasis added); *See also Steckman Ridge GP, LLC v. An Exclusive Nat. Gas Storage Easement Beneath 11.078 Acres*, 2008 WL 4346405, at *4 (W.D. Pa. Sept. 19, 2008)("Under the statutory framework, there is no appeal of a FERC decision save to the appropriate Court of Appeals. Disputes as to the propriety of FERC's proceedings, findings, orders, or reasoning, must be brought to FERC by way of request for rehearing. Appeals may thereafter be brought before a U.S. Court of Appeals only.") In short, "§ 717r's exclusivity provision forecloses judicial review of a FERC certificate in district court." *Town of Dedham v. Federal Energy Regulatory Commission,* No. 15-12352, 2015 WL 4274884, at *1 (D. Mass. July 15, 2015).

Here, plaintiffs do not dispute that they not only failed to apply for a rehearing before FERC, but failed to present their RFRA claims in any manner to the FERC, and ultimately to the appropriate Court of Appeals. [ECF 22, at 19.] Having failed to do so, plaintiffs are barred by 15 U.S.C. §§ 717r(a) and 717r(b) from pursuing what amounts to collateral review of the FERC Order before this Court.

Plaintiffs argue that such a result conflicts with the "sweeping super-statute" nature of RFRA and further argue that the fact Congress made RFRA applicable "to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993," …"unless such law explicitly

excludes such application by reference to this chapter," means that RFRA supersedes the exclusive jurisdiction provisions of the NGA. 42 U.S.C. § 2000bb-3(a),(b).

Specifically, plaintiffs argue that the result conflicts with 42 U.S.C. § 2000bb-1(c) which states:

> (c) Judicial relief
>
> > A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

42 U.S.C. § 2000bb-1(c). According to plaintiffs, if they are now foreclosed from proceeding with their RFRA claims before this Court, they will have been deprived of their opportunity to assert their RFRA claims in a "judicial proceeding," as guaranteed by § 2000bb-1(c).

In a case directly on point and not referenced by plaintiffs in their opposition papers, Judge Bartle of this Court rejected these very same arguments. *Radio Luz v. Federal Communications Commission*, 88 F. Supp. 2d 372, *aff'd sub nom.* 213 F. 3d 629 (3d Cir. 2000). Specifically, the Court stated:

> The government argues that this court lacks subject matter jurisdiction over the claims raised in plaintiffs' complaints. It contends that pursuant to 47 U.S.C. § 402, it is the United States Court of Appeals, not the district court, that has exclusive jurisdiction to determine the validity of FCC regulations. In essence, it is the government's position that the radio broadcasters are seeking to litigate their claims in the wrong forum. Instead of proceeding in the district court, the government maintains that plaintiffs should first seek to have their constitutional and statutory challenges decided by the FCC and then seek judicial review of any adverse order

**6**

> of the FCC by appealing directly to the court of appeals. [citation omitted]. . . . Plaintiffs assert that this court has jurisdiction because of the federal questions involved and pursuant to 42 U.S.C. § 2000bb. That section sets forth Congress's findings in support of RFRA and its purposes for enacting the statute. Nowhere does the statute specifically confer jurisdiction on federal district courts to hear all RFRA claims. Rather, it states, 'A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.' 42 U.S.C. § 2000bb–1(c). Presumably, plaintiffs are relying on 28 U.S.C. § 1331, which grants federal question jurisdiction to the district courts. **The general jurisdictional grant of § 1331, however, does not trump a specific jurisdictional provision adopted by Congress for review of an agency action.** See *General Finance Corp. v. FTC*, 700 F.2d 366, 368 (7th Cir. 1983) (Posner, J.). In General Finance, the targets of an investigation by the Federal Trade Commission filed suit in the district court seeking a declaratory judgment and an injunction to prevent the agency from investigating their activities. The Court of Appeals for the Seventh Circuit faced the question of whether the district court had jurisdiction over the suit pursuant to § 1331 despite the fact that Congress had prescribed that investigatory targets may obtain judicial review of the agency's investigations only when the agency brings a subpoena enforcement action against the target. See *id*. at 368–69. The Court concluded that the district court did not have jurisdiction. 'You may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court under [§ ] 1331 ... the specific statutory method, if adequate, is exclusive.' I*d*. at 368.

*Id*. at 374-76 (emphasis added.); see also *La Voz Radio de la Communidad v. Federal Communications Commission*, 223 F.3d 313, 319 (6th Cir. 2000) (RFRA "provides that a person who believes that his 'religious exercise' has been 'burdened' in violation of RFRA 'may assert that violation as a claim or defense in a judicial proceeding . . . .' It does not provide that the 'judicial proceeding' must be in the district court as opposed to a designated court of appeals.") (citation omitted). *Williams Nat. Gas Co. v. City of Okla.*

*City*, 890 F.2d 255, 261-62 (10th Cir. 1989) (court "would be hard pressed to formulate a doctrine with a more expansive scope" than the rule that § 717r(b) "preclude[s] de novo litigation between the parties of all issues **inhering in the controversy.**") (emphasis added); *Me. Council of the Atl. Salmon Fed. v. Nat'l Marine Fisheries Serv.*, No. 16-2155, 2017 WL 2456812, at *2 (1st Cir. June 7, 2017) (Souter, J., sitting by designation) ("The Supreme Court has made it clear that the jurisdiction provided by [the Federal Power Act's exclusive jurisdiction provision] is 'exclusive,' not only to review the terms of the specific FERC order, but over any issue '**inhering in the controversy**.'") (emphasis added).

Plaintiffs' RFRA claims clearly "inhere in the controversy" between plaintiffs and FERC. Moreover, plaintiffs would have had the opportunity to present their RFRA claims in a judicial proceeding before the appropriate Court of Appeals had they first sought a rehearing before FERC. Having failed to participate at all at FERC, or raise any objections at FERC, either initially or through a rehearing as did the other interested parties, plaintiffs cannot now argue that they have been deprived of the ability to assert their RFRA claims in a judicial proceeding. No matter how sweeping RFRA may be, plaintiffs simply may not bypass the specific procedure established by Congress in the NGA by bringing a RFRA suit against FERC in this Court. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 378-79 ("[D]istrict courts possess federal-question jurisdiction" under 28 U.S.C. § 1331 when federal law creates a private right of action, "unless [like here] Congress divests federal courts of their [section] 1331 adjudicatory authority."   Very significantly, unlike the NGA, RFRA does not contain an exclusive jurisdictional provision.  As none of the cases cited by plaintiffs supports the proposition

that RFRA supersedes the NGA's exclusive jurisdiction provision, the motions to dismiss for lack of subject matter jurisdiction are granted and the plaintiffs' motion for a preliminary injunction is denied as moot.